# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ROSANA BOULHOSA NASSAR,**

     **Plaintiff,**

**vs.**                                                   **Case No. 4:17cv47-MW/CAS**

**FLORIDA DEPARTMENT OF AGRICULTURE, et al.,**

     **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, filed a civil rights complaint on January 23, 2017, alleging claims under 42 U.S.C. §§ 1983, 1985, and 1986 against four Defendants: Commissioner Adam H. Putnam, Al Hallonquist, Fred Speaker, and the Florida Department of Agriculture.  ECF No. 1.

The Department of Agriculture (hereinafter "Department") filed a motion to dismiss Plaintiff's complaint, ECF No. 8, asserting that the complaint fails to state a claim, the Department has immunity from Plaintiff's claims, the claims are barred by the statute of limitations, and Plaintiff failed to give notice as required by state law.  The remaining

Defendants also filed a motion to dismiss, ECF No. 12, arguing that the complaint fails to state a claim, Defendants are entitled to qualified immunity, that respondeat superior is not a basis for liability, and the claims are barred by the statute of limitations.

Plaintiff was advised of her obligation to respond to the motions. ECF Nos. 9, 19. Plaintiff requested permission to file her response in opposition to the motion to dismiss filed by Defendant Department of Agriculture, ECF No. 8, under seal. ECF No. 21. That motion was granted, ECF No. 23, and her response was filed as ECF No. 22.

In responding to the second motion to dismiss, Plaintiff filed a motion requesting permission to file an unredacted version under seal along with a redacted version of her opposition. ECF No. 25. That motion was granted, ECF No. 27, and Plaintiff's redacted response in opposition to the motion to dismiss filed by Defendants Hallonquist, Putnam, and Speaker, ECF No. 12, was filed as ECF No. 24, and the unredacted version was filed under seal as ECF No. 26. Only Plaintiff's responses filed under seal have been reviewed.

Thus, this Report and Recommendation has considered: (1) Plaintiff's complaint, ECF No. 1; (2) the Department's motion to dismiss, ECF No. 8;

(3) Plaintiff's opposition, ECF No. 22, to that motion; (4) the motion to dismiss filed by the individual Defendants, ECF No. 12; and (5) Plaintiff's opposition, ECF No. 26, to that motion.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[1] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[1] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), cert. denied, 113 S. Ct. 1586 (1993), and dismissal is not permissible because a judge disbelieves "a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 at 556); *see also* Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 556). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a

number of other people . . . ." <u>Dura Pharmaceuticals, Inc. v. Broudo</u>, 544

U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in <u>Twombly</u>,

127 S.Ct. at 1966).  The requirements of Rule 8 do "not unlock the doors of

discovery for a plaintiff armed with nothing more than conclusions."  <u>Iqbal</u>,

556 U.S. at 678-79, 129 S.Ct. at 1949.  A complaint does not need detailed

factual allegations to survive a motion to dismiss, but Rule 8 "demands

more than an unadorned, the-defendant-unlawfully- harmed-me

accusation."  556 U.S. at 678, 129 S.Ct. at 1949.  "A pleading that offers

'labels and conclusions' or 'a formulaic recitation of the elements of a

cause of action will not do.'"  *Id.* (quoting <u>Twombly</u>,  550 U.S., at 555, 127

S.Ct. 1955).

**Complaint, ECF No. 1**

Plaintiff Rosana Boulhosa Nassar resides in Saint Lucie County,

Florida.  ECF No. 1 at 2.  She asserted that she was bringing this action for

"declaratory and injunctive relief,"[2] requesting the Court enjoin the

_____

[2] Although Plaintiff did not request monetary damages as relief, *see* ECF No. 1 at 27, she did, however, twice contend in her complaint that she "is entitled to relief for damages." *Id.* at 22, 26.  Any claims for monetary damages is barred by Eleventh Amendment immunity because Plaintiff sues all Defendants in their official capacities. ECF No. 1 at 1; *see also* ECF Nos. 22 at 1, 24 at 1; <u>Carr v. City of Florence, Ala.</u>, 916 F.2d 1521, 1524 (11th Cir. 1990); *see also* <u>Kentucky v. Graham</u>, 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985) (reiterating that "absent waiver by the State or

Defendants and require the immediate cessation of "all investigations and

surveillance being performed" on her.[3]  *Id.* at 1, 2.  Plaintiff alleges that the

Department regulates "the private investigative, security and protective

services industry and has authority over both licensed and unlicensed

persons and businesses engaged in the field of investigative, security,

protective services and surveillance activity."  *Id.* at 3.  She alleges that

"[s]uch activities are regulated by Chapter 493, Florida Statutes."  *Id.*  Two

of the individual Defendants (Hallonquist and Speaker) are employed by

the Department and the third Defendant (Putnam) is Commissioner of the

Department.  *Id.* at 2-3.

---

valid congressional override, the Eleventh Amendment bars a damages action against a
State in federal court.").  That "bar remains in effect when State officials are sued for
damages in their official capacity."  Kentucky, 473 U.S. at 169, 105 S.Ct. at 3107; *see
also* Odebrecht Const., Inc. v. Secretary, Fla. Dep't of Transp., 715 F.3d 1268, 1289
(11th Cir. 2013) (same).  However, prospective injunctive relief is permissible. Ex Parte
Young, 209 U.S. 123, 28 S.Ct. 441, 52 L. Ed. 714 (1908); Idaho v. Coeur d'Alene Tribe
of Idaho, 521 U.S. 261, 269, 117 S.Ct. 2028, 138 L. Ed. 2d 438 (1997) (reaffirming that
prospective relief may be sought against a state official in federal court); Sandoval v.
Hagan, 197 F.3d 484, 492 (11th Cir. 1999) (citing Summit Med. Assoc. v. Pryor, 180
F.3d 1326, 1336-38 (11th Cir. 1999).

   [3] Specifically, Plaintiff requests an order "enjoining the Commissioner of the
Florida Department of Agriculture and Consumer Services, Division of Licensing, to
immediately and permanently cease all investigations and surveillance being performed
upon the plaintiff by licensed investigators, security officers, interns, employees,
investigations, security, training and protection agencies."  ECF No. 1 at 27.

Plaintiff generally alleges that Defendants Hallonquist and Speaker have failed to protect her.  *Id.* at 3-4.  She claims the Department allowed "interns to be trained and licensed by using the plaintiff's life without her permission while she was under surveillance/investigations, therefore increasing the intensity of the harm-causing behavior."  *Id.* at 4.  She contends the Defendants' "negligence and fraudulent production of" reports permitted "intrusive and illegal" surveillance and investigations of her for "an additional 5 year period" of time.  *Id.* at 5.

Plaintiff specifically alleged that in 2011, she complained to the Department "about 7 investigators and security officers" who Plaintiff believes were investigating her and keeping her under surveillance.  ECF No. 1 at 5.  She claims the surveillance had been ordered by her "life-long childhood aggressor and perpetrator of domestic violence whose sole purpose" was to "stalk her, coerce, threaten, cause her suffering and pain, humiliation, fear, anguish and emotional distress."  *Id.* at 5-6.[4]  Defendant Hallonquist advised Plaintiff that "he had no authority to stop the

---

[4] Judicial notice is taken of another case filed by Plaintiff in which she claimed her older brother had "sexually assaulted her when she was a child" and alleged that "[s]ince 2005, [he] ha[d] hired 35 private investigators and security officers 'to stalk, investigate, place ... under surveillance, guard, protect, recover and follow' Nassar." Nassar v. Nassar, No. 17-10191, 2017 WL 4118345, at *1 (11th Cir. Sept. 18, 2017).

investigation/surveillance." *Id.* at 5.  Defendant Speaker responded to her

complaint by advising that her "alleged violation was not sustained" and no

further administrative action would be taken.  *Id.* at 6.  Plaintiff persisted

with her complaint and another report was made by Defendant Speaker,

dated May 17, 2011, which she contends "was a fabrication." *Id.* at 7.  She

alleged Defendant Hallonquist also "made a false report by indicating that

he 'could not determine' whether there was surveillance being performed

upon the plaintiff." *Id.*  Both Defendants Hallonquist and Speaker's reports

in March 2011 found "no violations." *Id.* at 8.  The Department closed the

case. *Id.* at 9.

In October 2016, Plaintiff filed "a formal Notice and Demand to Cease

and Desist addressed to" Defendant Putnam, again "demanding that all

surveillance and investigations . . . be stopped immediately."  ECF No. 1 at

9.  Plaintiff contends that although she provided the Department with "the

names and professional licenses of more than 35 investigators that had

been in her whereabouts and in front of her home," the Department refused

to issue the cease and desist order. *Id.* at 9-10.

Plaintiff alleges that she "has been stalked for more than 12 years."

*Id.* at 10.  She alleges that numerous such instances occurred between

2011 and 2016, including following her, watching and waiting for her, staring at her, taking photographs of her, and intercepting her cell phone conversations.  ECF No. 1 at 10-20.  None of those incidents involved the named Defendants.

**Analysis**

Plaintiff's complaint asserts a claim against the Defendants for "failure to protect" under § 1983.  ECF No. 1 at 20.  However, by virtue of their employment by the State of Florida, the individual Defendants are not legally responsible with providing Plaintiff personal protection as they are not alleged to have any "special relationship" with Plaintiff.  *See* Cornelius v. Town of Highland Lake, Ala., 880 F.2d 348, 353 (11th Cir. 1989). "[W]here non-custodial relationships are involved, the government can be held liable . . . only where an official's act or omission is 'arbitrary[ ] or conscience shocking . . . .'" White v. Lemacks, 183 F.3d 1253, 1257 (11th Cir. 1999) (quoting Collins v. City of Harker Heights, Tex., 503 U.S. 115, 128, 112 S. Ct. 1061, 1070, 117 L. Ed. 2d 261 (1992)).  Neither the State, a municipality, nor its workers can be held liable under § 1983 for violating a duty of care such as may be pursued through state tort law.  Collins, 503 U.S. at 128, 112 S. Ct. at 1070.  "[T]he only relationships that automatically

give rise to a governmental duty to protect individuals from harm by third parties under the substantive due process clause are custodial relationships, such as those which arise from the incarceration of prisoners or other forms of involuntary confinement through which the government deprives individuals of their liberty and thus of their ability to take care of themselves." White, 183 F.3d at 1257.  Plaintiff does not have such a custodial relationship with the Defendants and her failure to protect claim is insufficient as a matter of law.

If Plaintiff believes that she is in danger from third parties or that other persons are violating Florida's laws against stalking, Plaintiff's avenue of assistance is through law enforcement such as the police department or sheriff's office.  Persons employed by the Department of Agriculture are not legally responsible for protecting Plaintiff or guaranteeing her safety. Williams v. City of Montgomery, 21 F. Supp. 2d 1360, 1366 (M.D. Ala. 1998), *aff'd*, 200 F.3d 821 (11th Cir. 1999) (rejecting the notion that there is a "right to protection" and noting that courts should not "judicially create a legal right for a crime victim to sue any time the police do not take the action that the victim would consider the most effective in retrospect.").

To the degree Plaintiff could have confused a right to equal protection with a right of protection, she is mistaken.  There are no facts alleged which support an equal protection claim, and there is no "right to protection" claim which may be presented against these Defendants.

Moreover, Plaintiff's complaint does not provide a factual basis for asserting *any* civil rights claim against the Defendants.  "To state a claim under § 1983, a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived [her] of a right, privilege, or immunity protected by the Constitution or laws of the United States." Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985); Dollar v. Haralson County, 704 F.2d 1540, 1542-43 (11th Cir.), cert. denied, 464 U.S. 963, 104 S. Ct. 399, 78 L. Ed. 2d 341 (1983).  Plaintiff's complaint does not provide any facts showing that any Defendant deprived her of a constitutional right.

As for Plaintiff's allegations that the Defendants violated state law and that forms the basis of her civil rights complaint, *see* ECF No. 1 at 9, 21, 23, 25, 26; ECF No. 26 at 3-4, it is well established that § 1983 "does not create a remedy for every wrong committed under the color of state law, but only for those that deprive a plaintiff of a federal right." Knight v.

<u>Jacobson</u>, 300 F.3d 1272, 1275 (11th Cir. 2002) (quoted in <u>March v. Dep't of Children and Families</u>, No. 2:03cv162, 2006 WL 2644917 (M.D. Fla. Sept. 14, 2006)).  A violation of state law does is insufficient to give rise to a viable federal constitutional claim.  *See* <u>Lovins v. Lee</u>, 53 F.3d 1208, 1211 (11th Cir. 1995) (citing <u>Collins</u>, 503 U.S. 115, 112 S.Ct. 1061));[5] *see also* <u>Dean v. Escambia Cnty.</u>, No. 3:05cv29/LAC/MD, 2005 WL 927387 (N.D. Fla. Apr. 20, 2005) (holding that "[a]n alleged violation of a state statute does not give rise to a corresponding § 1983 violation, unless the right encompassed in the state statute is guaranteed under the United States Constitution.").  Thus, even assuming that the Department or the individual Defendants violated Chapter 493, that is insufficient, without more, to state a federal constitutional violation under § 1983.  Plaintiff's complaint is insufficient to state a claim and the motions to dismiss should be granted.

Moreover, the only specific factual allegations against the Defendants occurred primarily in 2011.  There is one event alleged which occurred in

---

[5] In <u>Collins</u>, the Supreme Court explained that although § 1983 provides citizens "with an effective remedy against those abuses of state power that violate federal law, it does not provide a remedy for abuses that do not violate federal law." <u>Collins</u>, 503 U.S. at 119, 112 S. Ct. at 1065.

2016, but that event (a refusal to issue Plaintiff's requested cease and desist order) is not a constitutional violation.  All other events alleged which involve the named Defendants occurred in 2011.  Those claims are barred by the statute of limitations because this action was not filed until January 12, 2017.

A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations.  Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999) (citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) and Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)); see also Ellison v. Lester, 275 Fed. App'x 900, 901-02 (11th Cir. 2008); Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003).  In Florida, a § 1983 action must be commenced "within four years of the allegedly unconstitutional or otherwise illegal act."  Burton, 178 F.3d at 1188 (citing Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir. 1988)).  Plaintiff contends that the events are not barred because the statute of limitations runs from when the injury occurs.  See ECF Nos. 22 at 5, 26 at 10.  However, the injury is the event itself, not belated manifestation of Plaintiff's physical injuries which she alleges occurred because of the events alleged in the complaint.

Plaintiff had reason to know, and her allegations make clear that she *did* know, of the alleged surveillance activity when it occurred.  Her complaint alleged emotional distress and anxiety as a result of those events, at the time of the events.  ECF No. 1 at 10-20.  Because the events which form the basis of Plaintiff's claims[6] against the named Defendants occurred more than fours years prior to the commencement of this case, the claims are barred by the statute of limitations and must be dismissed.

Furthermore, Plaintiff's claims for a conspiracy to violate her civil rights is insufficient to state a claim.  First, there can be no valid claim for a conspiracy to violate Plaintiff's rights in the absence of an underlying constitutional violation.  Grider v. City of Auburn, Ala., 618 F.3d 1240, 1260 (11th Cir. 2010); GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1370 (11th Cir. 1998).  Because Plaintiff has not provided allegations which demonstrate Defendants violated any of her constitutional rights, a § 1983 conspiracy claim is insufficient.

Second, to the degree Plaintiff's conspiracy claim is brought under § 1985 and not § 1983, the claim cannot proceed because there are no

---

[6] To the degree Plaintiff claims that she sues Defendants for "issuing a fraudulent report," *see* ECF No. 26 at 13, that is not a constitutional violation and is not a viable basis for a civil rights action.

Case No. 4:17cv47-MW/CAS

allegations of racial bias or discriminatory animus.  Plaintiff's claim could

only proceed under § 1985(3), and the law is well established that such a

conspiracy claim requires showing that the conspiracy was motivated by

"some racial, or perhaps otherwise class-based, invidiously discriminatory

animus behind the conspirators' action."  Griffin v. Breckenridge, 403 U.S.

88, 102, 91 S. Ct. 1790, 1798, 29 L. Ed. 2d 338 (1971); *see also* Kush v.

Rutledge, 460 U.S. 719, 720, 103 S. Ct. 1483, 1484, 75 L. Ed. 2d 413

(1983); Lucero v. Operation Rescue, 954 F.2d 624, 628 (11th Cir. 1992);

GJR Investments, 132 F.3d at 1370.  "The conspiracy, in other words, must

aim at a deprivation of the equal enjoyment of rights secured by the law to

all."  Griffin, 403 U.S. at 102, 91 S. Ct. at 1798.  No such allegations are

present and, therefore, the conspiracy claim should be dismissed.

Third, the "intracorporate conspiracy doctrine" would also bar

Plaintiff's claims.  "[T]he intracorporate conspiracy doctrine holds that acts

of corporate agents are attributed to the corporation itself, thereby negating

the multiplicity of actors necessary for the formation of a conspiracy."

McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1036 (11th Cir. 2000)

(en banc) (quoted in Grider v. City of Auburn, 618 F.3d 1240, 1261 (11th

Cir. 2010)).  The doctrine provides that a "corporation cannot conspire with

its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." McAndrew, 206 F.3d at 1036 (quoted in Grider, 618 F.3d at 1261). The doctrine has been extended beyond the world of corporations, and applies to public entities as well. Denney v. City of Albany, 247 F.3d 1172, 1190-91 (11th Cir. 2001) (holding that where the "only two conspirators identified" were city employees, the intracorporate conspiracy doctrine barred plaintiffs' § 1985 conspiracy claims) (citing Dickerson v. Alachua Cnty. Comm'n, 200 F.3d 761, 768 (11th Cir. 2000)); *see also* Rehberg v. Paulk, 611 F.3d 828, 854 (11th Cir. 2010) (stating that "intracorporate conspiracy doctrine bars conspiracy claims against corporate or government actors accused of conspiring together within an organization"). Plaintiff's conspiracy claims are not supported by any specific facts which show that Defendants "reached an understanding" with any other person outside the Department of Agriculture to violate her constitutional rights. Grider, 618 F.3d at 1260; Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty., 956 F.2d 1112, 1122 (11th Cir. 1992); Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Without providing the required supporting operative facts, Plaintiff's conspiracy claim is barred and should be dismissed.

Case No. 4:17cv47-MW/CAS

Finally, Plaintiff's § 1986 claim is also insufficient and fails to state a viable claim. A claim brought pursuant to 42 U.S.C. § 1986 "only provides a cause of action in the existence of a § 1985(3) conspiracy." <u>Park v. City of Atlanta</u>, 120 F.3d 1157, 1160 (11th Cir. 1997).  As noted above, Plaintiff has not provided facts which support a claim for a § 1985(3) conspiracy and, thus, this derivative claim must also fail.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that the motions to dismiss, ECF Nos. 8 and 12, be **GRANTED** and this case be **DISMISSED** for failure to state a claim because the claims are barred by the statute of limitations and the intracorporate conspiracy doctrine.  It is further **RECOMMENDED** that all of Plaintiff's other pending motions be **DENIED as moot**.

**IN CHAMBERS** at Tallahassee, Florida, on January 10, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**